**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| GARY W. WILSON,        ) | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | No.  7:05-CV-134-BF (R) |
| ) | |
| COMMISSIONER OF THE        ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
|     Defendant.        ) | |

**MEMORANDUM OPINION AND ORDER**

This is a consent case before the United States Magistrate Judge. The Court has considered the "Brief for Plaintiff," filed December 15, 2005, and "Defendant's Brief and Response to Plaintiff's Brief," filed June 12, 2006. The Court has reviewed the evidence of the parties in connection with the pleadings and hereby affirms the final decision of the Commissioner.

**I.    Background**[1]

    *A.    Procedural History*

This is a social security case. Plaintiff Gary W. Wilson ("Plaintiff") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner"), who denied his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Plaintiff applied for SSI effective April 16, 2003. (Tr. 45-49.) After his application was denied both initially and upon reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). Lance K. Hiltbrand, the ALJ, convened a hearing on January 6, 2005. (Tr. 18-19, 31, 124-60.) The ALJ issued an unfavorable decision on March 9, 2005. (Tr. 11-17.) When Plaintiff requested review by the Appeals Council, it declined to review the ALJ's

---

[1] The following background information comes from the transcript of the administrative proceedings, which is designated as "Tr."

unfavorable decision, thereby rendering that decision the final decision of the Commissioner. (Tr. 3-5.) On July 12, 2005, Plaintiff filed this appeal in the Northern District of Texas.

The appeal is now before this Court for a decision. Plaintiff contends that the Commissioner did not meet her burden of proof at the fifth step of the sequential evaluation to show jobs which Plaintiff could perform with the residual functional capacity that the Commissioner found that he retained. (Plaintiff's Brief ("Pl's Br.") at 1, 8-13.) The Commissioner counters that her decision that Plaintiff was not disabled at any time through March 9, 2005, the date of the administrative decision is supported by substantial evidence and should be affirmed. (Commissioner's Brief ("Com.'s Br.") at 4-9.)

  *B.*  *Factual History*

    1.  <u>Plaintiff's Age, Education, and Work Experience</u>

Plaintiff's date of birth is August 9, 1964. (Tr. 46.) He graduated from high school, although he claimed that he was in special education. (Tr. 63, 129-30, 153.) His past work included jobs entitled "fast food worker" and "cook helper." (Tr. 154.) The jobs were exertionally light and medium, respectively, and both were unskilled. (*Id*.)

    2.  <u>Plaintiff's Relevant Medical Evidence</u>

The adjudicated period for Plaintiff's SSI application is from May 6, 2003, through the date of the ALJ's March 9, 2005, decision. The Court considers Plaintiff's medical records for 2003 to be relevant.

On January 6, 2003, he reported to the Wilbarger General Hospital emergency room for nausea and vomiting. (Tr. 88-93.) The hospital noted a history of asthma and routine medication, an "Albuterol inhaler." (*Id*.) The emergency room doctor diagnosed "hematuric abdominal pain."

(*Id.*) On January 27, 2003, Dr. Layne E. Collums, Jr., M.D., examined Plaintiff. (Tr. 111.) Plaintiff complained of asthma, a cough, and congestion. (*Id.*) Dr. Collums noted "lungs expiratory wheezes." The doctor's diagnosis was asthma. Dr. Collums prescribed an Advair inhaler, Nasecort, and another medication. (*Id.*)

Dr. Collums examined Plaintiff again on September 2, 2003, due to Plaintiff's complaint of asthma, shortness of breath, and a cough. (Tr. 123.) On examination, Dr. Collums noted "few expiratory wheezes," and diagnosed "asthma/allergies." (*Id.*) Dr. Collums prescribed Depo-Medrol, an Advair inhaler, and two other medications. (*Id.*)

Plaintiff went to Dr. Collums on November 13, 2003, complaining of asthma and difficulty breathing. (Tr. 122.) His medications included Singulair and an Albuterol inhaler. (*Id.*) On examination, Dr. Collums found "expiratory wheezes," diagnosed asthma, and prescribed Depo-Medrol and something for home use with Albuterol. (*Id.*)

3.  Plaintiff's Hearing

Plaintiff's hearing was on January 6, 2005. (Tr. 124.) He was represented at the hearing by Roger Owen, a non-attorney representative. (*Id.*) In addition to Plaintiff's testimony, the ALJ heard testimony from Clifton King, an impartial Vocational Expert ("VE"). (Tr. 124-160.)

With respect to daily activities, Plaintiff testified that he was unable to work due to asthma and emphysema. He related that he lived with his wife and two children. Plaintiff testified that he was unable to read and write. He told the ALJ that many activities cause his breathing problems to become worse and that he could not lift heavy items. He claimed he did not perform any household chores, did not visit friends, and did not drive because his driver's license was taken away for his failure to pay child support. He testified that he took care of his personal hygiene, watched

**3**

television, and had done housework until his breathing difficulties began.

The ALJ found that Plaintiff has a severe impairment of asthma, but that this medically determinable impairment does not meet or medically equal one of the listed impairments in App. 1, Subpt. P, Reg. No. 4. The ALJ found that Plaintiff's allegations regarding his limitations are not totally credible, and that Plaintiff has the residual functional capacity ("RFC") to perform medium work activity. The ALJ found that Plaintiff must avoid all exposure to poor ventilation and fumes, odors, dusts, gases and that Plaintiff has a mild level of fatigue and discomfort. The ALJ found that Plaintiff is unable to perform his past relevant work. The ALJ further found that Plaintiff is a "younger individual between the ages of 18 and 44," that he has a "high school education," and that "transferability of skills is not an issue in this case." (Tr. 16.)

The VE testified that examples of work that a claimant with Plaintiff's limitations could perform include light, unskilled work as an electric worker with 5,000 jobs available in Texas and 12,000 jobs available in the national economy. The VE also testified that Plaintiff could perform work as an assembler plastic hospital products with 1,000 jobs available in Texas and 25,000 jobs available in the national economy. The VE further testified that Plaintiff could perform sedentary, unskilled work (1) as a circuit board assembler with 700 jobs available in Texas and 12,000 jobs available in the national economy; (2) as a suter winder with 1,000 jobs available in Texas and 15,000 jobs available in the national economy; and (3) as a touch up screener with 1,000 jobs available in Texas and 30,000 jobs available in the national economy. (Tr. 154-56.)

The ALJ concluded that Plaintiff was not under a "disability" as defined in the Act at any time through the date of the decision and was not eligible for SSI payments.

**4**

**II.     Legal Standards**

To be entitled to social security benefits, Plaintiff must prove that he is disabled for purposes of the Social Security Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove his disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* Once the claimant satisfies

his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

**III.    Analysis**

As noted above, Plaintiff contends that the ALJ did not meet his burden at step five of the sequential step process to prove that Plaintiff had the residual functional capacity to perform jobs existing in the national and local economies in significant numbers. The Commissioner counters that the ALJ properly found that Plaintiff was not disabled at any time through March 9, 2005, the date of the administrative decision and that the ALJ's decision comports with the law and is supported by substantial evidence.

**A.     The ALJ's failure to determine whether Plaintiff can read or write**

"Residual functional capacity" refers to the claimant's ability to do work despite any physical or mental impairments. 20 C.F.R. § 404.1545(a). The ALJ has the responsibility to determine the Plaintiff's residual functional capacity at the administrative hearing based on all of the evidence, including the medical records, observations of treating physicians, observations of others, and Plaintiff's own description of his limitations. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). The ALJ must resolve conflicts in the evidence and make credibility determinations based on substantial evidence. *Lovelace v. Bowen*, 813 F.2d 55, 59-60 (5th Cir. 1987); *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981) (per curiam). "The [proper] inquiry [] is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision."). "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

The ALJ determined that despite Plaintiff's severe asthma, he has the residual functional capacity to perform medium work activity. The ALJ found that Plaintiff must avoid all exposure to poor ventilation and fumes, odors, dusts, gases and that he has a mild level of fatigue and discomfort. The ALJ determined that Plaintiff could not perform his past work, but, with the testimony of the VE, determined that Plaintiff could perform a significant range of medium work.

7

The fact that a claimant completed high school is not dispositive of the issue of literacy *vel non*. *Albritton v. Sullivan*, 889 F.2d 640, 643 (5th Cir. 1989); *Jimmerson v. Apfel*, 111 F. Supp. 2d 846, 850 (E.D. Tex. 2000). Plaintiff contends that in light of his testimony that he is unable to read or write, the ALJ erred by relying upon Plaintiff's high school education to find that he could perform work which existed in the economy in significant numbers. Plaintiff asserts that at the very least, the ALJ should have determined whether Plaintiff can read or write.

Plaintiff contends that according to the Dictionary of Occupational Titles ("DOT"), the three jobs which the ALJ found that Plaintiff could perform all require some ability to read. Plaintiff requests that the Commissioner's decision be vacated and the case remanded for the purpose of creating a more complete record with respect to Plaintiff's literacy.

The Court "will not vacate a judgment unless the substantial rights of a party have been affected." *Anderson*, 887 F.2d at 634. The Fifth Circuit Court of Appeals has elaborated on the substantial rights analysis for determining prejudice in Social Security cases. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Id*.

The Fifth Circuit Court of Appeals has cautioned that:

> [C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). Plaintiff's representative did not attempt to resolve any alleged conflict between the DOT and the VE's testimony at the hearing before the ALJ.

Moreover, if the issues are (1) whether a claimant's work skills can be used in other work and (2) the specific occupations in which they can be used, the ALJ may rely upon the services of a VE. *See* 20 C.F.R. § 416.966(e).  As the appellate court did in *Carey*, this Court will assume that neither the DOT nor the VE's testimony is *per se* controlling.  *Carey*, 230 F.3d at 145.   Nevertheless, the VE testified clearly, unequivocally, and without challenge from Plaintiff's representative that a person who could not read or write  would not be precluded from performing the job of electronic worker because the job of electronic worker had both verbal and written instructions.  (Tr. 157-58.)  The VE explained that the number of electronic worker jobs available would be reduced by one-half if verbal instructions were required.  (*Id*.)  Therefore, applying the reduction, jobs as electronic worker with verbal instructions exist in Texas in the amount of 2,500 jobs and in the national economy in the amount of 6,000 jobs.  (*Id*.)  This testimony, taken in the context of the record as a whole, is more than adequate to support the ALJ's determination that Plaintiff can perform other available work.  Substantial evidence supports the ALJ's decision at step five that a significant number of jobs exists in the national economy that Plaintiff can perform.  Plaintiff did not prove that he was prejudiced by the ALJ's failure to make a more complete record with respect to Plaintiff's literacy.  Accordingly, Plaintiff has not shown that the Commissioner's decision should be reversed.

### B. Asthma Treatment

Plaintiff contends that the ALJ's hypothetical question was inaccurate because it did not contain the assumption that Plaintiff would need to take fifteen to twenty minute breaks during the day to take breathing treatments.  The ALJ did not find that Plaintiff was required to take breathing treatments.  Therefore, the hypothetical question was not required to contain this assumption.  *See Ownes v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985).

Plaintiff testified that he takes breathing treatments four times a day. (Tr. 147.) However, the record does not support this assertion. (Tr. 62, 86-87.) Plaintiff was prescribed inhalers but not a breathing machine. The ALJ found that Plaintiff's allegations regarding his limitations are not totally credible. (Tr. 16.) The ALJ further noted that no work related restrictions have been placed on Plaintiff by any medical source. (Tr. 14.) The ALJ considered the medical reports to be minimal and noted no recent treatment in 2004. (*Id.*) Additionally, the ALJ found no indication that his medication causes side effects. (*Id.*) Nothing in the record supports Plaintiff's assertion that the ALJ gave the VE a faulty hypothetical. Substantial evidence supports the ALJ's decision that Plaintiff's limitations did not rise to a level of severity and were not of such duration and intensity to preclude him from engaging in all substantial gainful activity. Even assuming Plaintiff takes breathing treatments four times a day, the record contains no evidence that such treatments could not be accomplished before work, after work, during lunch, and during routine breaks without special accommodations.

For the foregoing reasons, the Court determines that the final decision of the Commissioner is **AFFIRMED.**

**SO ORDERED,** October 16, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE